```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GREGORY PAUL VIOLETTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN DAVID E. ORTIZ; GENERAL COUNSEL, FEDERAL BOP; US DEPARTMENT OF JUSTICE,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-5030 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Gregory Paul Violette, Plaintiff Pro Se
Two Route 3
Palermo, ME 04354-0212

**SIMANDLE, District Judge:**

## I.　INTRODUCTION

　　Before the Court is Plaintiff Gregory Paul Violette's ("Plaintiff") submission of a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Complaint, Docket Entry 1. At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court

concludes that the complaint will be dismissed without prejudice.

## II. BACKGROUND

Plaintiff brings this civil rights action against David Ortiz, warden of FCI Fort Dix, the Bureau of Prisons' ("BOP") General Counsel, and the U.S. Department of Justice. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff's complaint states in its entirety:

> The Building I lived in at Fort Dix Prison was a health risk, inadequate ventilation in the bathroom, polluted water, toxic or noxious fumes in the bathroom, exposure to sewage leads [sic] from sewage pipes while using bathroom, inadequate lighting in rooms, hallways, and bathroom. Black Mold in bathroom, smoking in hallways and bathroom, exposure to second-hand smoke, excessive heat in building 5751 and bedroom while staff alley and CO's office had A/C.

Complaint § III. He seeks relief in the form of $2,000,000. *Id.* ¶ IV.

## III. STANDARD OF REVIEW

Section § 1915(e)(2)(B) requires a court to screen complaints filed by *in forma pauperis* plaintiffs and to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

**IV. ANALYSIS**

**A. Conditions of Confinement**

Plaintiff alleges unconstitutional conditions of confinement in violation of the Eighth Amendment. To the extent Plaintiff is able to bring this claim pursuant to *Bivens*,[2] the Department of Justice must be dismissed from the case as a *Bivens* action cannot be brought against a federal agency. *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994). The complaint itself shall be dismissed without prejudice, and Plaintiff shall be given leave to amend his complaint.

"The Eighth Amendment requires prison officials to provide 'humane conditions of confinement.'" *Smith v. Bolava*, 632 F. App'x 683, 686–87 (3d Cir. 2015) (quoting *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir. 2010)). "[D]eficiencies and inadequacies in prison conditions do not necessarily violate the Eighth Amendment. The amendment is violated only where an inmate is deprived of 'the minimal civilized measure of life's necessities.'" *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In making this determination, the Court must consider the totality of the circumstances. *Id.*

---

[2] *See* discussion of *Ziglar v. Abbasi infra*.

Plaintiff's one-paragraph complaint does not provide the Court with enough facts to determine whether Plaintiff has stated a plausible claim for relief. The complaint only makes cursory allegations regarding the conditions, which "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiff has not set forth any specific information regarding the conditions or defendants' personal involvement in the alleged violations. *See id.* at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior "). *Iqbal*'s "'plausibility' standard does not require probability, but it does demand more than a sheer possibility that the defendant acted unlawfully." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 72 (3d Cir. 2011) (citing *Iqbal*, 556 U.S. at 678). More information is needed regarding Plaintiff's conditions of confinement in order for there to be a plausible claim.

As Plaintiff may be able to provide facts supporting this claim, this claim is dismissed without prejudice. Plaintiff may move for leave to amend his complaint.

**B. Leave to Amend**

As Plaintiff may be able to allege facts that would address the deficiencies of his claims as noted by the Court, Plaintiff may move for leave to file an amended complaint. Any motion to

5

amend the complaint must be accompanied by a proposed amended complaint.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

**C. *Ziglar v. Abbasi***

In the event Plaintiff elects to move for leave to amend his complaint, he should consider the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). The Court held in *Ziglar* that federal courts should exercise caution before extending the *Bivens* remedy to claims that are meaningfully different than "the three *Bivens* claims the Court has approved in the past: a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim

against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." *Id.* at 1860 (citing *Carlson v. Green*, 446 U.S. 14 (1980); *Davis v. Passman*, 442 U.S. 228 (1979); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)). If the instant matter is meaningfully different from those cases,[3] courts must determine if special factors counsel against judicial extension of the *Bivens* remedy. *Id.* at 1857 ("The Court's precedents now make clear that a *Bivens* remedy will not be available if there are special factors counselling hesitation in the absence of affirmative action by Congress." (internal quotation marks omitted)).

Plaintiff's complaint does not provide enough facts for the Court to determine whether his claims are within the realm of the Supreme Court's <u>Bivens</u> precedents. Therefore, the Court expresses no opinion at this time whether a *Bivens* remedy is available to Plaintiff.

---

[3] "A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider." *Ziglar*, 137 S. Ct. at 1860.

## V. CONCLUSION

For the reasons stated above, the claims against the Department of Justice are dismissed with prejudice. The complaint is dismissed without prejudice, and Plaintiff may move to amend his complaint within 30 days of this Opinion and Order.

An appropriate order follows.

**September 13, 2017**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       U.S. District Judge